IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, 2400 Research Boulevard, Suite 500, Rockville, MD 20850,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED NETWORK SYSTEMS, INC., an Illinois corporation, 1451 Landmeier Road, Unit L, Elk Grove Village, IL 60007,<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

1. This is an action brought by the Trustees of a multiemployer pension plan, the National Electrical Benefit Fund ("NEBF"), to collect delinquent pension fund contributions and related amounts from United Network Systems, Inc., an employer that is obligated to contribute to the NEBF pursuant to the provisions of its collective bargaining agreements and the NEBF plan documents.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e). This action is brought by fiduciaries to the NEBF and arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145. Venue is proper because Defendant resides within this district. ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

PARTIES

4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Upon information and belief, Defendant is an Illinois corporation whose business address and main place of business is 1451 Landmeier Road, Unit L, Elk Grove Village, IL 60007.

STATEMENT OF CLAIM

6. Defendant is a signatory and has been a signatory at all times relevant to this action to one or more collective bargaining agreements (collectively, the "CBA") with IBEW Local Union 134 as the collective bargaining representative of Defendant's employees. Pursuant to the CBA, Defendant has

been, and is currently, obligated to submit contributions to the NEBF on behalf of the employees covered by the CBA.

7. Defendant, pursuant to the CBA, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund ("Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

8. The CBA and Trust Agreement require that signatory employers like Defendant file monthly payroll reporting forms to the NEBF, and that they remit contributions to the NEBF in the amount of 3% of the gross labor payroll paid to members of the bargaining unit.

9. According to an audit of Defendant's books and records for the period January 1, 2015, through December 31, 2016, Defendant should have reported $229,867.99 in wages in NEBF and thus contributed $6,896.04. Defendant failed to contribute. Of this amount, $2,763.21 was late paid and the principal of $4,123.83 remains due.

10. According to NEBF records and payroll reporting forms prepared by Defendant, Defendant owes to NEBF at least $3,459.39 in unpaid delinquent contributions for work performed during the period August 2016 through January 2018.

11. Interest on the delinquent and late paid contributions is $7,235.83.

12. Liquidated damages on the delinquent and late paid contributions are $2,071.08.

13. The cost of the audit, which is to be borne by Defendant, is $211.25.

14. NEBF has incurred attorneys' fees and costs in connection with its attempts to determine the extent of the Defendant's delinquent contributions.

15. Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to the NEBF participants employed by Defendant upon their retirement, based on their years of credited service, which would include that period during which Defendant failed

to contribute. This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

16. Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

17. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

18. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan bringing suit to recover delinquencies under Section 515 shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

19. According to the Collective Bargaining Agreements, the Employees Benefit Agreement, and/or 29 U.S.C. § 11132(g)(D)(2), Defendant is obligated to pay any contributions shown to be due upon completion of the audit, plus interest at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and audit expenses, incurred in collecting the delinquency.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor, and that the Court's judgment include:

    (a) $7,592.22, representing unpaid delinquent contributions due and owing the NEBF for the work performed between January 2015 through January 2018;

(b) $7,235.83, representing interest on the aforementioned delinquent and other late paid contributions calculated at a rate of 10% per annum;

(c) $2,071.08, representing liquidated damages in the amount of 20% of the delinquent and other late paid contributions;

(d) $211.25, representing cost of the audit which is to be borne by the Defendant; and

(e) an award of all reasonable attorneys' fees and the costs of this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Date: 11/23/2021

/s/ David R. Shannon
David R. Shannon
846 S. MADISON AVE.
LA GRANGE, IL 60525
DSHANNON@COOKETECH.NET